**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| DEBORAH LIGHTNER-PEPPARD, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:19-cv-00900 |
| PERFORMANT RECOVERY, INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes DEBORAH LIGHTNER-PEPPARD ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of PERFORMANT RECOVERY, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2.  This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Texas.

**PARTIES**

4.   Plaintiff is a 63 year-old natural "person," as defined by 47 U.S.C. § 153(39), residing in Frisco, Texas, which lies within the Eastern District of Texas.

5.   Defendant is a third party debt collector that "employ[s] the latest workflow and communication technologies to assist in the recovery of billions of dollars in delinquent assets every year."[1] Defendant is a corporation organized under the laws of the state of California with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, California. Defendant engages in collection activities throughout the United States, including the state of Texas.

6.    Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8.   In approximately the summer of 2019, Plaintiff began receiving calls her cellular phone, (469) XXX-1783, from Defendant.

9.   At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 1783. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant mainly uses the phone number (800) 258-1498 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

11. Upon information and belief, the above referenced phone number ending in 1498 is regularly utilized by Defendant during its debt collection activities.

---

[1] https://www.performantcorp.com/solutions/recovery/default.aspx

12. Upon answering Defendant's phone calls, Plaintiff experienced a noticeable pause, lasting several seconds in length, during which time Plaintiff would repeatedly say "hello," before being connected to a live representative.

13. Upon speaking with one of Defendant's representatives, Plaintiff was notified that Defendant was calling to collect upon a debt ("subject debt") said to be owed by Plaintiff in connection with an insurance subrogation claim.

14. Frustrated by the excessive nature of Defendant's phone call campaign, Plaintiff demanded that Defendant stop placing phone calls to her cellular phone.

15. Despite Plaintiff's demands, Defendant continued placing phone calls to Plaintiff's cellular phone up until the filing of the instant action.

16. Plaintiff has received not less than 30 phone calls from Defendant since demanding that it stop calling.

17. Frustrated with Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

18. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

20.   Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

3

21.   The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

22.   Defendant used an ATDS in connection with its communications directed towards Plaintiff.  The noticeable pause, lasting several seconds in length, which Plaintiff experiences during answered calls before being connected to a representative of Defendant is instructive that an ATDS was being used to generate the phone calls. Similarly, the frequency and nature of Defendant's calls points to the involvement of an ATDS.

23.   Defendant violated the TCPA by placing at least 30 phone calls to Plaintiff's cellular phone using an ATDS without her consent.  Any hypothetical consent Plaintiff may have given to receive such phone calls was explicitly revoked by her demands that Defendant stop calling her cellular phone.

24.   The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

25.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).  Defendant was made aware of Plaintiff's wishes, yet, in defiance of Plaintiff's demands, Defendant continued to knowingly and intentionally place mass calls to her cellular phone.

WHEREFORE, Plaintiff, DEBORAH LIGHTNER-PEPPARD, respectfully requests that this

Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: December 6, 2019            Respectfully submitted,

<table>
<tr><td>

s/ Nathan C. Volheim (Lead Attorney)<br>
Nathan C. Volheim, Esq. #6302103<br>
Counsel for Plaintiff<br>
Admitted in the Eastern District of Texas<br>
Sulaiman Law Group, Ltd.<br>
2500 South Highland Ave., Suite 200<br>
Lombard, Illinois 60148<br>
(630) 568-3056 (phone)<br>
(630) 575-8188 (fax)<br>
nvolheim@sulaimanlaw.com

</td><td>

s/Taxiarchis Hatzidimitriadis<br>
Taxiarchis Hatzidimitriadis, Esq. #6319225<br>
Counsel for Plaintiff<br>
Admitted in the Eastern District of Texas<br>
Sulaiman Law Group, Ltd.<br>
2500 South Highland Ave., Suite 200<br>
Lombard, Illinois 60148<br>
(630) 581-5858 (phone)<br>
(630) 575-8188 (fax)<br>
thatz@sulaimanlaw.com

</td></tr>
</table>

s/ Eric D. Coleman<br>
Eric D. Coleman, Esq. # 6326734<br>
Counsel for Plaintiff<br>
Admitted in the Eastern District of Texas<br>
Sulaiman Law Group, Ltd.<br>
2500 South Highland Ave., Suite 200<br>
Lombard, Illinois<br>
(331) 307-7648 (phone)<br>
(630) 575-8188 (fax)<br>
ecoleman@sulaimanlaw.com